**Stephen Nichols**
**VSB No. 32443**
**COOTER, MANGOLD, DECKELBAUM**
**& KARAS, LLP**
**5301 Wisconsin Avenue, NW**
**Suite 500**
**Washington, DC 20015**
**PHONE:    (202) 537-0700**
**FAX:       (202) 364-3664**

*Attorneys for Richard J. Hindin*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **In re:** | : |
| | : |
| **RICHARD J. HINDIN,** | :    **Case No. 09-19741-SSM** |
| | :    **(Chapter 11)** |
| **Debtor.** | : |
| | : |

**DEBTOR'S MOTION FOR AUTHORITY TO SELL**
**PERSONAL PROPERTY OUT OF THE ORDINARY COURSE OF BUSINESS**

      The debtor in possession Richard J. Hindin (the "Debtor") requests the entry of an order pursuant to 11 U.S.C. § 363 (b)(1) permitting him to sell certain personal property of the estate out of the ordinary course of business on the terms set forth herein, and in support of his request states the following:

      1.    The Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on November 27, 2010 (the "Petition Date").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3. The Court has the power to grant the relief requested in this Motion pursuant to 11 U.S.C. § 363 (b)(1).

## The Chapter 11 Case

4. The Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on November 27, 2009 (the "Petition Date"). The Debtor is operating his business and managing his property and assets as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in this chapter 11 case.

## The Debtor and His Business Operations

5. The Debtor is a businessman and investor with extensive real property holdings and business interests. He owns a residence located at 407 Chain Bridge Road, McLean, VA ("407 Chain Bridge Road") and an adjoining property located at 405 Chain Bridge Road, McLean, VA ("405 Chain Bridge Road"). Additionally, he owns a beach-front property located in North Bethany, DE. Finally, he owns or co-owns two smaller condominium properties located in Montgomery County, Maryland. The scheduled value of these assets is expected to exceed $13 million. 407 Chain Bridge Road is encumbered by a $2.9 million deed of trust in favor of G.M.A.C., as well as an indemnity deed of trust securing an indebtedness of Chicken Out Rotisserie, Inc. ("CORI") of approximately $6 million to Branch Banking & Trust Co. ("BB&T"). The Debtor holds a majority equity interest in CORI. 407 Chain Bridge Road is believed to be worth approximately $8 million. 405 Chain Bridge Road is worth approximately

$1.2 million, and is subject to a reverse mortgage with a current balance of approximately $350,000.00.  The North Bethany, DE property is worth approximately $4 million and is encumbered by three liens in favor of National City Mortgage and Eagle Bank securing a total indebtedness of approximately $3.5 million.  The value of the Debtor's interests in the Maryland properties totals perhaps $375,000.00.  In addition to his real properties and his equity interest in CORI, the Debtor also holds stock interests in various other ventures that the Debtor expects to schedule at less than $1 million in value.   There is no value in the Debtor's interest in CORI unless BB&T can be paid off; if BB&T is paid off, there may be value in CORI.

6. The Debtor's bankruptcy filing was occasioned by his personal guaranty of the purchase of a residence in Park City, Utah (the "Park City Residence") by his son, Lee Hindin, and daughter in law, Karen Hindin (collectively, "Mr. and Mrs. Hindin").  Mr. and Mrs. Hindin purchased the Park City Residence from an entity known as Split Timber Holdings, LLC ("Split Timber").  Split Timber is wholly owned by former San Francisco 49ers quarterback and television personality Steve Young ("Young").  The purchase price was $6.25 million.  Mr. and Mrs. Hindin made a down payment of $750,000.00 and executed a promissory note for the balance of $5.5 million (the "Note").  The Debtor guaranteed the Note.  Soon thereafter, disputes arose between Mr. and Mrs. Hindin and Split Timber due to defects associated with the house that were neither disclosed by Split Timber or Young, nor identified in a home inspection.  Mr. and Mrs. Hindin believe that it would cost approximately $300,000.00 to remedy these defects and prepare the house for sale.  Due to these defects, Mr. and Mrs. Hindin refused to make payments on the Note, after which Split Timber sued the Debtor on the guaranty.  Interestingly, Split Timber has chosen neither to foreclose its deed of trust collateralizing the Park City Residence nor to sue Mr. and Mrs. Hindin under the Note.

7. Split Timber thereafter obtained a default judgment against the Debtor in Utah state court for the $5.5 million balance under the Note, plus over $1.1 million in asserted unpaid interest, penalties and attorneys' fees. Thereafter, the Utah judgment was domesticated in Arlington County, Virginia, and in various Delaware and Maryland jurisdictions. The Debtor disputes that the Utah state court had personal jurisdiction over him and therefore, contests the validity and enforceability of the resulting judgment.

8. The Debtor's bankruptcy was filed as a means to rationally address the issues related to Split Timber's judgment enforcement efforts, to confirm a plan of reorganization herein and to substitute the Debtor's obligations under that plan in place of the existing rights of the Debtor's pre-petition creditors because, as described above, the actions of one of those creditors threatened to consume whatever value remained as of the Petition Date in the Debtor's property.

9. After thoroughly evaluating his financial situation and consulting with undersigned counsel, the Debtor has determined that the maximum return for his creditors will require him to liquidate his McLean, VA real properties. This will, in turn, enable him to reduce his living expenses and to realize the approximately $850,000.00 in equity in 405 Chain Bridge Road, which will be available for distribution to creditors. The sale of 407 Chain Bridge Road will pay off the existing $2.9 million first mortgage holder and, subject to the actual sale price of the property, pay off some or all of the approximately $5.9 million that is owed to the second trust holder, BB&T, as a result of the Debtor's personal guaranty of the obligations of CORI to BB&T. With BB&T all, or partially, paid off, there will be at least a realistic chance that the continued operation by the Debtor of CORI can yield funds for his creditors in this case. Currently pending before the Court is an application to retain a real estate agent to sell 407 Chain

Bridge Road.

10.    407 Chain Bridge Road is a large residence with a spectacular view of the Potomac River below.  The property is tastefully furnished with an extension collection of furniture, home furnishings and collectibles.  It is apparent to the Debtor that after the sale of this property he will have to obtain alternative living arrangements in what is likely to be a much smaller living space.  It is extremely likely, therefore, that any replacement residence will not be large enough to store the extensive range of personalty currently at 407 Chain Bridge Road.

11.    As a result, the Debtor has determined that it is in his and the estate's best interest to begin the process of liquidating much of the personalty located at 407 Chain Bridge Road.  This process will enable him to avoid incurring unnecessary storage costs for the personalty once 407 Chain Bridge Road is sold, as well as yield funds that can be used to pay his obligations.  After considerable research into the most cost-effective and productive manner of liquidating this personalty, the Debtor has selected the estate sales firm of Four Sales, Ltd ("Four Sales") to assist him in liquidating personalty located at 407 Chain Bridge Road.  He has entered into two contracts with Four Sales, subject to this Court's approval.  The first of these contracts, which is attached as Exhibit 1, provides for the liquidation by Four Sales of his gun collection.  The second contract, which is attached as Exhibit 2, provides for the liquidation by Four Sales of a range of furnishings and collectibles located at 407 Chain Bridge Road.  The gun collection, furnishings and collectibles are more particularly described in Exhibits 1 and 2, and are hereinafter referred to as the "Personalty."

12.    The contracts with Four Sales contemplate the sale of the Personalty through a variety of marketing vehicles, including auctions, catalogue auctions and consignments, according to Four Sales' determination of the method most likely to maximize the return to the

Debtor. These methods could include the use by Four Sales of other auction partners. As described in Exhibits 1 and 2, Four Sales will receive 30% of the gross proceeds of the sale of the Personalty, out of which its compensation – and that of any of its marketing partners – will be paid.

13. According to the terms of a prenuptial agreement with his estranged wife, Christine Hindin ("Mrs. Hindin"), Mrs. Hindin is a 50% owner of such of the Personalty as was acquired during the parties' marriage, and a 20% owner of any Personalty acquired by the Debtor before the marriage, which occurred in 1995. Because of the extensive nature of the Personalty and disputes regarding which of the Personalty was acquired before and after their marriage, and the difficulty and uncertainty of proof thereof, the Debtor and Mrs. Hindin have agreed that she is entitled to a blanket 30% of any net sale proceeds.

14. By this Motion, the Debtor asks the Court to approve the liquidation of the Personalty on the terms described herein and in Exhibits 1 and 2, the payment to Four Sales of 30% of the proceeds of the sale of the Personalty without the necessity of further Court order and the payment of 30% of the net amount received from Four Sales to Mrs. Hindin without further Court order. The balance of any funds will be deposited by the Debtor into his debtor in possession account.

WHEREFORE, the Debtor respectfully requests the entry of an order in the proposed form

a. permitting him to liquidate the Personalty through the use of Four Sales on the terms described herein;

b. permitting him to compensate Four Sales for its services at the rate of 30% of any gross sales proceeds, and also permitting him to pay to Mrs. Hindin 30% of any net

    amounts received; and,

  c. granting him such other and further relief to which he is entitled.

Date:  March 12, 2010.


### NOTICE OF MOTION

 *Your rights may be affected*.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).  If you do not want the court to grant the relief sought in the Motion, or if you want the court to consider your views, then on or before **April 2, 2010**, you or your attorney must:

1. File with the Court, at the address shown below, a written response pursuant to Local Bankruptcy Rule 9013 and 1007-1 (D).  If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.  Your mailing should be directed to:

   Clerk of the Court
   U.S. Bankruptcy Court
   200 S. Washington Street
   Alexandria, VA 22314

2. You must also mail a copy to:

   Stephen Nichols, Esq.
   Cooter, Mangold, Deckelbaum & Karas, LLP
   5301 Wisconsin Avenue, NW
   Suite 500
   Washington, DC 20015

   Office of the US Trustee
   115 South Union Street
   Alexandria, VA 22314

3. You must also attend the hearing to consider the relief sought in the Motion in addition to filing a written objection.  If you fail to timely file a written response and to attend the hearing even if a response is timely filed, the Court may consider any objection you may have waived and enter an Order granting the relief requested.  **The hearing is scheduled for April 6, 2010 at 11:00 a.m. at the United States Bankruptcy Court, Courtroom I, 200 S. Washington Street, Alexandria, VA, 22314.**

                /s/ Stephen Nichols
                Stephen Nichols

                Respectfully submitted,
                RICHARD J. HINDIN
                By Counsel

COOTER, MANGOLD, DECKELBAUM & KARAS, LLP

By:    /s/ Stephen Nichols
       Nelson Deckelbaum
       Md. Fed. Bar No. 01249
       Stephen Nichols
       Md. Fed. Bar No. 08194
       5301 Wisconsin Avenue, NW
       Suite 500
       Washington, DC  20015

PHONE:    (202) 537-0700
FAX:       (202) 364-3664

                *Attorneys for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2010 a copy of the foregoing MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE OUT OF THE ORDINARY COURSE OF BUSINESS was mailed, via first class mail, postage prepaid, to the following:

Office of the U.S. Trustee
115 South Union Street
Suite 210
Alexandria, VA 22314

Mr. Daniel Sanders
Four Sales, Ltd.
6405 10th Street
Alexandria, VA 22314

and all creditors and other parties in interest, as listed on the attached Service List.

/s/ Stephen Nichols
Stephen Nichols

Split Timber Holdings, LP
c/o James Scroll, Esqs.
Bean Kinney & Korman
2300 Wilson Boulevard, 7th Floor
Arlington, VA 22201

Sysco Foods
8000 Dorsey Run Road
Jessup, MD 20794

Sam LeBauer
c/o Robert Marino, Esq.
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314

Eagle Bank
7815 Woodmont Avenue
Bethesda, MD 20814

Wachovia Bank
PO Box 96074
Charlotte, NC 28296-0074

Silver Freedman & Taff, LLP
Attn: Sydney Silver, Esq.
3299 K Street, NW
Suite 100
Washington, DC 20007

Chase Visa
PO Box 15153
Wilmington, DE 19886

Neiman Marcus
PO Box 5235
Carol Stream, IL 60197

John D. Clayborne, Inc.
100 West Jefferson Street
Falls Church, VA 22046

Arlington County Treasurer
PO Box 1780
Merrifield, VA 22116-1780

GMAC
Payment Processing Center
PO Box 660208
Dallas, TX 75266-0208

National City Mortgage
PO Box 5570
Cleveland, OH 44101-0570

National City Mortgage
PO Box 1820
Dayton, OH 45401

Travelers Insurance Company
c/o Christoper Anzidei, Esq.
Watt, Tieder, Hoffar & Fitzgerald
8405 Greensboro Drive, Suite 100
McLean, VA 22102

World Alliance Financial
3 Huntington Quadrangle
Suite 303 N
Melville, NY 11747

BB& T
c/o Mike Fodel
11 Broken Land Parkway
Suite 100
Columbia, MD 21044

PNC Mortgage
3232 Newmark Drive
Miamisburg, OH 45342

GMAC Mortgage, LLC
1100 Virginia Drive
PO Box 8300
Ft. Washington, PA 19034

Christine Hindin
c/o Madeline A. Trainor, Esq.
Cyron & Miller, LLP
100 N. Pitt Street, Suite 200
Alexandria, VA 22314