UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

|  |  |
|---|---|
| In re: | : |
|  | : |
| **RICHARD J. HINDIN,** | : Case No. 09-19741-BFK |
|  | : (Chapter 11) |
| Debtor. | : |
|  | : |

### ORDER AUTHORIZING SALE OF REAL PROPERTY AND IMPROVEMENTS TO POTOMAC CBR, LLC FREE AND CLEAR OF LIENS, CLAIMS, <u>INTERESTS AND ENCUMBRANCES</u>
### (405 and 407 Chain Bridge Road, Arlington, VA)

Upon the Motion dated November 13, 2012 (the " Sale Motion")[1] of Robert J. Hindin, debtor and reorganized debtor (the "Seller") for order: authorizing the sale to Potomac CBR, LLC (together with its permitted assigns or designees, the "Purchaser") of the real property and improvements located at 405 and 407 Chain Bridge Road, County of Arlington, Virginia, as more particularly described in the Regional Sales Contracts attached to the Sale Motion (collectively, the "Property"), free and clear of liens, claims, interests and encumbrances pursuant to two Regional Sales Contracts, each dated as of November 8, 2012, by and between Seller and Purchaser (as may be amended, modified or supplemented, the "Purchase Agreements") and attached to the Sale Motion; and a hearing on the Sale Motion having been held on December 4, 2012 (the "Sale Hearing"), at which

---

[1] All capitalized terms not otherwise defined herein shall have the meanings assigned to such terms in the Sale Motion. Uncapitalized terms used herein that are defined in the Bankruptcy Code shall have the meanings set forth therein.

Stephen Nichols VSB No. 32443
COOTER, MANGOLD, DECKELBAUM & KARAS, LLP
5301 Wisconsin Avenue, NW, Suite 500
Washington, DC 20015
PHONE: (202) 537-0700
FAX: (202) 364-3664
*Attorneys for Richard J. Hindin*

2190684_7.DOC

time all interested parties were offered the opportunity to be heard with respect to the Sale Motion;

NOW, THEREFORE, based upon the Sale Motion, the objections, if any, raised at the Sale Hearing, the representations and argument of counsel, the entire record of the Sale Hearing and the Seller's chapter 11 case, and after due deliberation thereon, and good cause appearing therefore,

IT IS HEREBY FOUND, CONCLUDED AND DETERMINED THAT:[2]

a. The Court has jurisdiction over the Sale Motion and the transactions contemplated therein and in the Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

b. The statutory predicates for the relief sought in the Sale Motion are §§ 105(a), 1123, 1141, 1142 and 1146 of the Bankruptcy Code and Fed. R. Bank. P. 2002, 6004 and 9014.

c. Proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with Federal Rules of Bankruptcy Procedure 2002 and 6004(a), and such notice was properly served on all required entities, including upon (i) all entities known by Seller to have asserted any lien, claim, interest or encumbrance in or upon the Property; (ii) all federal, state and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Sale Motion, including, without limitation, the Virginia Department of Environmental Quality, the U.S. Environmental Protection Agency, Arlington County Treasurer, State of Maryland Office of the Comptroller, and the Office of the City Attorney

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.  See Fed.R.Bankr.P. 7052.

for Arlington, Virginia; (iii) the U. S. Trustee; (iv) the U. S. Attorney's Office; (v) the Internal Revenue Service and the Commonwealth of Virginia Department of Taxation; (vi) World Alliance Financial and counsel who have appeared in this case for the Bank of New York Mellon Trust Company, N.A., as Trustee for MASTR Ad., Branch Banking & Trust Company, and Split Timber Holdings, LP; (vii) counsel to Purchaser; and (x) all parties who have filed notices of appearance in this chapter 11 case.  Such notice was good and sufficient and appropriate under the circumstances, and no other or further notice of the Sale Motion or the Sale Hearing is or shall be required.

      d.      As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Seller and its professionals have adequately marketed the Property and conducted the sale process in a non-collusive, fair and good faith manner.

      e.      Approval of the Purchase Agreements and the sale of the Property are in the best interests of the Seller, his estate, creditors and other parties in interest.

      f.      Seller has demonstrated both (i) good, sufficient, and sound business purpose and justification for the sale of the Property, and (ii) compelling circumstances for the sale of the Property, including that the sale of the Property is a critical component of implementing the Debtor's Plan confirmed by this Court by order entered on September 19, 2011.

      g.      Seller (i) represents that he holds good and marketable title to the Property, (ii) has the full authority necessary to execute the Purchase Agreements and all other documents contemplated thereby, and (iii) has the full authority necessary to consummate the transactions contemplated by the Purchase Agreements.

    h.    The Purchase Agreements were negotiated and entered into by the Seller and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Seller nor the Purchaser has engaged in any conduct that would cause or permit the Purchase Agreements to be avoided under §363(n) of the Bankruptcy Code. Purchaser is not an insider of the Seller, as that term is defined in §101 of the Bankruptcy Code.

    i.    The Purchaser is a good faith purchaser within the meaning of §363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby and/or under applicable law.

    j.    The Purchase Prices of $3,600,000 for the Property located at 407 Chain Bridge Road and $1,500,000 for the Property located at 405 Chain Bridge Road are fair and reasonable and constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States and applicable non-bankruptcy law. The Purchase Agreements were not entered into for the purpose of hindering, delaying or defrauding creditors.

    k.    Purchaser is not a successor to the Seller.

    l.    The sale of the Property to Purchaser is consistent with and in furtherance of Seller's chapter 11 Plan confirmed by the Court. Accordingly, the sale to Purchaser of the Property is a transfer pursuant to §1146(a) of the Bankruptcy Code, which shall not be taxed under any law imposing a stamp, transfer or similar tax.

    m.    The Purchaser's offer, as set forth in the Purchase Agreements, represents the highest and best offer received by the Seller for the Property, and the sale of the Property is in the best interests of the Debtors, their creditors or their estates.

       n.       The Seller may, pursuant to the Plan, Confirmation Order and §§1123 and 1141(c) of the Bankruptcy Code, sell the Property to the Purchaser free and clear of any and all mortgages, pledges, attachments, executions, charges, security interests, interests, claims, liens and encumbrances of any kind whatsoever (other than those expressly assumed under the Purchase Agreement, if any) (including, without limitation, the liens, claims, interests and encumbrances identified on <u>Exhibit A</u> hereto, the "Encumbrances").

       NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

       1.       The Sale Motion is GRANTED in its entirety, as further described herein.

       2.       All objections, if any, to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

       3.       The Purchase Agreements, and all of the terms and conditions thereof, are hereby approved.  Specifically, to the extent applicable, the Breakup Fee of $50,000 and Minimum Over Bid of $100,000 are hereby approved as having been reasonable, actual and necessary.

       4.       Pursuant to the Plan, the Confirmation Order, and §§1123, 1141 and 1142 of the Bankruptcy Code, the Seller is authorized and directed, without further order of this Court, to perform his obligations under and comply with the terms of the Purchase Agreements, and consummate the sale of the Property to the Purchaser, pursuant to and in accordance with the terms and conditions of the Purchase Agreements and this Order.

       5.       The Seller is authorized and directed, without further Order of this Court, to execute and deliver, and empowered to perform under, consummate and implement, the Purchase Agreements, together with all additional deeds, instruments, novations, and

documents that may be reasonably necessary or desirable to consummate the Purchase Agreements and to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring the Property to the Purchaser.

6. The Property shall be transferred to the Purchaser, and, upon consummation of the Purchase Agreements (the "Settlement") shall be, free and clear of any and all Encumbrances (other than those expressly assumed in the Purchase Agreements, if any). All Encumbrances shall attach to the net proceeds of the sale of the Property in the order of their priority, with the same validity, force and effect as existed with respect to the Property, subject to the validity, priority and perfection of any such Encumbrances and any claims and defenses the Seller or its estate may possess with respect thereto. Notwithstanding any provision of this Order, the Seller shall at the Settlement pay or cause to be paid any and all outstanding real estate taxes, water and sewer or other obligations or apportionments payable to a governmental entity currently due and payable or past due on the Property. Without limiting the foregoing, in connection with the Settlement, Seller is hereby authorized and directed to pay any adjustments or taxes, or other obligations or apportionments to be paid under the Purchase Agreements, regardless of whether such adjustments, taxes and other obligations accrued prior to or after the Seller's petition date.

7. The Purchaser shall have no successor liability with respect to claims or administrative expenses arising or accruing or attributable to a period prior to or on the date of the Settlement (whether or not contingent, unliquidated, known or unknown at the time of the Settlement), and shall not be deemed a successor of Seller.

8. Each creditor, governmental unit and all other entities shall not take any action against the Purchaser or the Property, or otherwise interfere with the Purchaser's

occupancy and use of the Property in contravention of the rights granted to Purchaser hereunder and under the Purchase Agreements based upon or by reason of any claim or agreement which such entity had or has against the Seller provided that such claim or agreement arose or accrued or is attributable to a period of time, whether known or unknown, contingent or unliquidated, as of or prior to the Settlement.

9. Seller and all entities, if any, in possession of some or all of the Property are directed to surrender possession of the Property to the Purchaser at the Settlement.

10. This Order is and shall be binding upon and govern the acts of all entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

11. This Court retains jurisdiction to implement and enforce the terms and provisions of the Purchase Agreements, all amendments thereto and each of the agreements executed in connection therewith, and this Order, including any disputes relating thereto or with respect to the sale of the Property.

12. The transactions contemplated by the Purchase Agreements, including, without limitation, the purchase of the Property are undertaken by the Purchaser and Seller in good faith, as that term is used in §363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of this Order shall not affect the validity of the sale of the Property to the Purchaser, or any of Seller's obligations under the Purchase Agreements as well as the transactions contemplated and/or authorized by this Order and the Purchase Agreements, unless the same is stayed pending appeal prior to the Settlement of the transactions authorized herein.

13. The terms and provisions of the Purchase Agreements and this Order shall be binding in all respects upon all entities, including, without limitation, any affected third parties including, but not limited to, any entities asserting an Encumberance against, or other interest in, the Property to be sold to the Purchaser pursuant to the Purchase Agreements, and any subsequent trustee(s), examiners or similar fiduciaries appointed in the Seller's chapter 11 case or upon conversion of the case to chapter 7 of the Bankruptcy Code or upon a dismissal of the case.  This Order shall survive any dismissal or conversion of the Seller's bankruptcy case.

14. Nothing contained in any amendment or modification to the Plan, any revocation of the Confirmation Order or any other order of this Court shall conflict with or deviate from the provisions of the Purchase Agreements or the terms of this Order.

15. The transfer of the Property to the Purchaser under the Purchase Agreements is a transfer pursuant to §1146(a) of the Bankruptcy Code, and accordingly shall not be taxed under any law imposing a stamp tax or a sale, transfer, or any other similar tax.  Each and every federal, state and local governmental unit or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Property, all without imposition or payment of any stamp tax, transfer tax, sale tax, or similar tax.  None of the Seller, his estate or the Purchaser shall be liable for payment of any stamp tax, transfer tax, sale tax, or similar tax in connection with the transactions approved herein.

16. The Purchase Agreements and related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any

such modification, amendment or supplement does not have a material adverse effect on the Seller's estate.

17. In the event that Purchaser terminates one or both of the Purchase Agreements under the Sales Contract Contingencies/Clauses Addendum, Seller is authorized and directed to return to Purchaser the Deposit(s) under the terminated Purchase Agreement(s) in accordance with its (their) terms.

18. Seller's obligations under the Purchase Agreements and the terms of this Order shall not be subject to discharge under §§524 or 1141 of the Bankruptcy Code.

19. The Debtor is authorized to pay a commission of 6% of the gross proceeds of the sale of 407 Chain Bridge Road, to be split equally between the buyer's and seller's agents and a commission of 6% of the gross proceeds of the sale of 405 Chain Bridge Road, to be split equally between the buyer's and seller's agents.

20. Nothing in this Order or the Purchase Agreements shall release, nullify, preclude, or enjoin the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of Property after the Settlement Date.

Dated: _____

Brian F. Kenney, Judge
U.S. Bankruptcy Court for the
Eastern District of Virginia

I ask for this:

/s/ Stephen Nichols
Stephen Nichols, Esq. VSB No. 32443
COOTER, MANGOLD, DECKELBAUM
  & KARAS, LLP
5301 Wisconsin Avenue, NW, Suite 500
Washington, DC 20015
PHONE: (202) 537-0700
FAX: (202) 364-3664
*Attorneys for Richard J. Hindin*

**EXHIBIT A**
Non-Exhaustive List of Alleged Encumbrances

<u>405 Chain Bridge Road</u>

1. Reverse Mortgage or Deed of Trust held by World Alliance Financial (Not on Record).

2. Judgment Lien of Split Timber Holding, LP allegedly securing a judgment against Debtor entered on September 2, 2009 by the District Court for Summit County, Utah (Not on Record).

3. Liens of Arlington County Treasurer for unpaid real estate taxes and other charges.

<u>407 Chain Bridge Road</u>

1. Deed of Trust, dated December 11, 2003, and recorded on December 16, 2003 at Document Number 2003350026 (Book 3637, Page 1187) in the Land Records of Arlington County, Virginia and currently held by the Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A., as successor-in-interest to JP Morgan Chase Bank, N.A. f/k/a JP Morgan Chase Bank, as Trustee for MASTR Adjustable Rate Mortgages Trust 2004-3, Mortgage Pass-Through Certificates, Series 2004-3.

2. Guaranty Deed of Trust, dated September 24, 2004, and recorded on September 29, 2009 at Document Number 2004273239 (Book 3760, Page 1938) in the Land Records of Arlington County, Virginia, and currently held by BI Mortgage Trustee LLC, as Trustee for Branch Bank and Trust Company.

3. Liens of Arlington County Treasurer for unpaid real estate taxes and other charges.

4. Judgment Lien of Split Timber Holdings, LP evidencing a judgment against Debtor in the case *Split Timber Holdings LP v. Richard J. Hindin*, Case No. 090500426, entered on September 2, 2009 by the Third Judicial District Court for Summit County, Utah and domesticated in the Circuit Court for Arlington County under case heading, *Split Timber Holdings LP v. Richard J. Hindin*, Civil Action No. 144515, and recorded on September 24, 2009 on the Judgment Lien Docket, Book 228, Page 2492, Instrument No. 144515 in the Land Records of Arlington County, Virginia.

5. Final Order in *Beacon Associates, LLC v. Richard J. Hindin*, At Law No. 227082, Circuit Court of Fairfax County, entered December 9, 2005, and recorded on December 21, 2005 at File Number 133777 (Book 212, Page 716) in the Land Records of Arlington County, Virginia (to the extent not already satisfied and discharged).

6. Judgment in *Travelers Casualty & Surety Company of America v. Richard J. Hindin*, Case No. L85602, Judgment No. 466387, District Court for Summit County, Utah, entered on August 31, 2009, and domesticated in the Circuit Court for Arlington County under case heading, *Travelers Casualty & Surety Company of America v. Duval Development, LLC, et al.*, Civil Action No. 145170, and recorded on December 17, 2009 at File Number 145170 (Book 229, Page 2253) in the Land Records of Arlington County, Virginia (to the extent not null and void under section 362 of the Bankruptcy Code).