UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| In re | : | |
| | : | |
| RICHARD J. HINDIN, | : | Case No. 09-19741-BFK |
| | : | (Chapter 11) |
| | : | |
| Debtor. | : | |
| | : | |

### DEBTOR'S OPPOSITION TO
### MOTION FOR RELIEF FROM AUTOMATIC STAY AND OTHER RELIEF

Richard J. Hindin, the reorganized debtor (the "Debtor"), opposes the Motion for Relief From Automatic Stay and Other Relief (the "Motion") filed by the movant GUCA Enterprises, LLC ("GUCA"), for the following reasons:

PRELIMINARY STATEMENT

The Debtor's Third Amended Plan of Reorganization (Docket No. 171) (the "Plan") was confirmed by an order of this Court dated September 19, 2011 (Docket No. 173) (the "Confirmation Order").  Among other things, the Plan provided for the sale over time of all of the Debtor's non-exempt real and personal property and the distribution of the proceeds to creditors in the order of priority established by the Bankruptcy Code.  Pending that distribution, all sale proceeds were to be deposited into the Debtor's account at the Bank of Georgetown that had been used as the debtor in possession account prior to Plan confirmation (the "Plan DIP Account").  *See*, Plan, at Article 5.1 (a), (b) and (c), p. 15.

Over $900,000.00 in net proceeds from Court-approved property sales were subsequently deposited into the Plan DIP Account, where they remain.  Almost all property to be sold

1

pursuant to the Plan has now been sold and the Debtor expects in the near future to file a consent motion to modify the Plan to provide for a *pro rata* in-kind distribution of "penny stock" in a closely-held company that constitutes the only remaining property left to be liquidated under the Plan and that he has been unable to sell in the open market as had been originally contemplated in the Plan. Once that motion is approved, the Debtor will be in a position to make the final distributions under the Plan and close the case.

The only funds in the Plan DIP Account (referred to in the Motion as the Bank of Georgetown account) are the proceeds of the sale of property of the estate that are required to be distributed to creditors under the Plan. Pursuant to 11 U.S.C. § 541, these funds are all property of the estate.

At the time of Plan confirmation, the Debtor had no projected disposable income. Thus, the Plan did not provide for the distribution of any portion of his post-confirmation income to prepetition creditors. For some time after the Plan was confirmed, the Debtor continued to deposit his post-confirmation earnings into the Plan DIP Account. To more easily distinguish between the proceeds of his property sales (all of which is to be distributed to creditors) and his post-confirmation income (all of which he is permitted to use without Court supervision for living expenses under the Plan), at some point the Debtor opened a separate bank account containing only his post-confirmation income, with which he would pay his day-to-day living expenses. This was the account referred to in the Motion as the TD Bank account; it currently contains slightly in excess of $2,800.00. As noted, the Debtor was free under the Plan to use these funds for his personal living expenses. Nevertheless, under 11 U.S.C. § 1115, these funds still constitute property of the estate and are protected by the automatic stay from creditor

attachment.

A few months after the Plan was confirmed, the Debtor began doing consulting work for GUCA's predecessor in interest. Thereafter, a dispute arose between the parties and litigation was commenced in the Circuit Court for Montgomery County, Maryland (the "Circuit Court"). Ultimately, this resulted in a judgment for breach of contract of slightly more than $31,000 against the Debtor. This lawsuit was not subject to the automatic stay since it involved entirely post-confirmation claims. Undersigned counsel expressly advised GUCA's counsel, however, that the automatic stay prohibited GUCA from attempting to collect its judgment from any property of the Debtor's bankruptcy estate. *See*, Exhibit 1.

Notwithstanding this, GUCA served a writ of garnishment on TD Bank in an attempt to collect its judgment. Thereafter, GUCA filed a motion seeking an order requiring TD Bank to turn over the garnished funds. Incredibly, that motion was not served on undersigned counsel. Thereafter, a suggestion of bankruptcy was filed and the current Motion followed.

In its Motion, GUCA seeks an order (i) lifting the automatic stay permitting it to proceed with its efforts to collect the TD Bank funds; and, (ii) "... lifting the automatic stay with respect to the Debtor's Bank of Georgetown DIP account enabling the Movant to recover the sum of $31,248.50 ..." *See,* WHEREFORE clauses of the Motion. GUCA is not entitled to any of the relief sought. Its Motion should be denied and it should be sanctioned for its deliberate violation of the automatic stay.

Had GUCA filed a motion in advance seeking this Court's permission to garnish the TD Bank account, the Court perhaps might have concluded that such relief was warranted. As noted above, even though these funds are property of the estate under section 1115, under the terms of

3

the Plan the Debtor is not required to pay any portion of his post-confirmation earnings to creditors since he had – and, unfortunately, still has – no projected disposable income as that term is defined in the Bankruptcy Code. But that is not what GUCA has done. Instead, it first attached the TD Bank funds and only then came to the Court seeking relief from the automatic stay. This was, indisputably, a knowing, willful stay violation. There are certain, very limited instances where retroactive stay relief may be appropriate. But seeking the Court's blessing of a prior knowing, calculated violation of the stay is not one of them. The relief sought as to the TD Bank funds should be denied and GUCA should be sanctioned for its misconduct.

Nor should GUCA be permitted to garnish the funds in the Plan DIP Account. All of the funds in the Plan DIP Account are proceeds of prepetition estate property and are required to be distributed as provided in the Plan by the Confirmation Order. Obviously, GUCA is not entitled to these funds. Nowhere in its Motion does GUCA even bother to articulate a theory for the bizarre result it seeks. It seems to suggest that since the Circuit Court entered a judgment of $31,248.50 against the Debtor, this must mean that the Debtor was not "entitled" to these funds when he deposited them into the Plan DIP Account and that, for some unexplained reason, GUCA has an interest in any funds now contained in the Plan DIP Account. Motion, at ¶ 27. Plainly, however, no such theory can trump either the automatic stay or the *res judicata* effect of the Confirmation Order.

As to the specific allegations in the numbered paragraphs of the Motion, the Debtor responds as follows:

1. Admitted.

2. Denied.

3. Admitted.

4. Admitted.

5. Denied.

6. Admitted.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Admitted.

16. The Debtor lacks sufficient information to admit or deny these allegations.

17. The Debtor lacks sufficient information to admit or deny these allegations.

18. Denied.

19. Denied.

20. The Debtor lacks sufficient information to admit or deny these allegations.

21. The Debtor lacks sufficient information to admit or deny these allegations.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted that this is GUCA's request.

26. Admitted.

27. Denied.

28. Admitted that this is GUCA's request.

WHEREFORE, the Debtor requests that the Court enter an order granting the following relief:

    a. denying the Motion;

    b. requiring GUCA and/or its counsel to reimburse the Debtor his reasonable attorney's fees in the amount of $3,000.00;

    c. awarding sanctions in an amount to be determined by the Court; and,

    d. granting such other and further relief to which the Debtor is entitled.

Date: September 18, 2014.

    Respectfully submitted,
    COOTER, MANGOLD, DECKELBAUM & KARAS, LLP

    By: /s/ Stephen Nichols
    Stephen Nichols
    Va. Bar No. 32443
    5301 Wisconsin Avenue, NW
    Suite 500
    Washington, DC 20016

    PHONE: (202) 537-0700
    FAX: (202) 364-3664
    EMAIL: snichols@cootermangold.com

*Attorneys for Richard J. Hindin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September, 2014 a copy of the foregoing OPPOSITION was transmitted via electronic mail transmission to the following:

>Ronald W. Stern, Esq.
>333 N. Fairfax Street #204
>Alexandria, VA 22314
>
>Alice Pare, Esq.
>19737 Executive Park Circle
>Germantown, MD 20874

>/s/ Stephen Nichols
>Stephen Nichols