UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE
RICHARD J. HINDIN                    Case No. 09-19741-BFK
    Debtor                              Ch. 11

GUCA ENTERPRISES,LLC
Assignee of Chicken Out the Door,Inc.
    Movant
v.
RICHARD J. HINDIN
    Respondent

MEMORANDUM IN SUPPORT OF ENTRY OF AN ORDER
GRANTING  RELIEF FROM THE AUTOMATIC STAY

COMES NOW  Movant,  Guca Entperises,LLC, by counsel, and  provides this Memorandum in Support of its Motion seeking entry of an order granting relief from the automatic stay, and states:

1. At the hearing of this motion on September 24,2014, Movant sought relief from the automatic stay, and the issue that remained after the Court's ruling was whether there were funds in the Debtor's DIP account that were not part of the estate and thus subject to Movant's garnishment.

2. The Court continued the hearing to October 24,2014, for Movant to provide proof to the Court that there were available funds.

3. Counsel for Movant sought records from Mr. Hindin's counsel to ascertain whether there were or were no funds available.  Contacting Counsel for Debtor appeared to be the most civil and practical approach to obtain the account information.

4. The confirmed Plan indicated that the Debtor was to sell real property and the proceeds of same were to be deposited into the DIP account.

5. Counsel for Mr Hindin provided HUD-1 forms from the sale of three (3) properties on October 7 and October 10, 2014. See Exhibits One, Two, and Three.

6. The HUD-1 forms established that the following net proceeds were to have been deposited in the account: (a) $149,173.72; (b) $714,978.32 and (c) $58,472.47 for a total of $927,624.52.

7. Upon receipt of this information, Movant's counsel requested that Debtor's Counsel provide bank statements from the DIP account to verify the account balances. Counsel for Mr. Hindin refused to provide any statements.

8. The Quarterly Report filed with this Honorable Court by the Debtor, Mr. Hindin, for the quarter ending March 31, 2014, claims that the DIP account balance has a balance of $951,853.69 as of March 31, 2014.

9. Counsel for Movant, when proceeding with the initial attachment, obtained photocopies of bank statements from the Bank of Georgetown. The DIP account is on deposit with the Bank of Georgetown.

10. The records from the Bank of Georgetown indicate that the DIP Account balance as of April 1, 2014 (presumably the same balance as would have existed on March 31, 2014), was $768,046.24. See Exhibit Four.

11. The Quarterly report filed by the Debtor and the bank statements from the Bank of Georgetown have a difference of **$183,806.45. Debtor's quarterly report to this Honorable Court claims $183,806.45 more on deposit than that reflected on the bank statements.   See Exhibit Five.**

12. That the Debtor, in his quarterly reports, has not attached photocopies of the bank statements with those reports since 2012. Movant, without the cooperation from Debtor's Counsel, had no ability to obtain the prior statements since they were not filed with the report, but, presumably, the Debtor and/or his Counsel had the statements enabling them to prepare the reports.  Because counsel did not believe bank statements could be obtained by a subpoena duces tecum in a timely fashion, and believing Mr. Hindin would provide the documents to establish the facts of this case, Movant is unable to provide any additional documents as to what is available in the DIP account.

13. Movant also has photocopies of each of the checks that the Debtor received from Chicken Out the Door, Inc.  Movant is the assignee of the Judgment that was entered against the Debtor in favor of Chicken Out the Door by the Circuit Court for Montgomery County, Maryland.

14. The records confirm that the Debtor deposited each check, which total $100,000.00, into the DIP account. After judgment was entered on March 24, 2014, it appears that Mr. Hindin began making large withdrawls from the DIP account.

15. During the first quarter of 2014, for example, the Debtor deposited the amount of $2,800.00 into the DIP account in January, 2014; the same amount in February, 2014 and again in March, 2014. The total deposits amounted to $8,400.00.

16. That the Debtor during the same three (3) months issued check(s) to himself totaling in excess of $50,000.00. All of these checks, except one (1), were endorsed by Debtor and signed over to Debtor's son, Lee Hindin. The funds were then deposited into the account of Debtor's son.

17. Movant will present photocopies of these statements and the referenced checks to the Court upon request and/or at the hearing.

18. Mr. Hindin has failed to file the second quarterly report, which further handicaps Movant's ability to analyze the case.

19. Movant requested Mr. Hindin provide it with the most current DIP account statement showing the balance that is actually in the DIP account. The current bank statement is absolutely necessary to ascertain whether there are any monies in the DIP account that do not belong to the bankruptcy estate. The refusal of Mr. Hindin to provide this information prevents a factual review of the underlying motion.

20. Movant would request that this Honorable Court order Mr. Hindin to make available to the Court for in camera review the bank statements for January, 2014 through September, 2014, and to take under consideration this motion pending the presentation of those bank statements. Moreover, given the issues discussed above, should the Court consider this appropriate, Movant would ask the Court order the United States Trustee to audit Mr. Hindin's DIP account to determine if the statements filed by Mr. Hindin have the funds in the Bank of Georgetown account or not.

21. That without an audit and accounting of the DIP account it will be impossible for a determination to be made as to the extent, if any, funds in excess of that required for the protection of the creditors is available for attachment.

WHEREFORE, the Movant, in support of its Motion for Relief from Stay and consistent with the prior hearing, respectfully requests that:

    A.    An Order be entered directing the Debtor, Richard J. Hindin, to provide bank statements and supporting documentation for an in camera review by the Court to determine if there are assets available to Movant to garnish that are not funds belonging to the estate;

    B.    For this Honorable Court to enter an order based upon the financial information relative to the DIP account statements and supporting documentation granting or denying the instant motion;

    C.    Should this Honorable Court deem it appropriate, to direct the United States Trustee to audit Mr. Hindin's DIP account;

    D.    For such other and further relief as the nature of Movant's Motion and request for relief may require.

/s/__Ronald William Stern  
Ronald William Stern,   Counsel for Movant  
333 N Fairfax Street #204  
Alexandria, VA 22314   VSB 21924  
703-684-0100  T   684-5664 F  
ronsterndocuments@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent by electronic transmission to Stephen Nichols,Esq., Counsel for Richard J. Hindin, this 16th day of October, 2014.

/s/__Ronald William Stern  
Ronald William Stern,   Counsel for Movant