UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In Re:

    RICHARD J. HINDIN                                         Case No. 09-19741-BFK
    **Debtor**                                                    Ch. 11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    ALICE PARE
    Assignee of GUCA ENTERPRISES, LLC's
    Judgment against Respondent
    **Movant**

v.

    RICHARD J. HINDIN
    **Respondent**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR ENTRY OF AN ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY

    COMES NOW Movant, Alice Paré, Pro Sé, and provides this Motion and Memorandum seeking entry of an order granting relief from the automatic stay and permission to execute against the remaining non-bankruptcy estate funds maintained in the Debtor in Possession Account (DIP account) in this matter, and states:

    1.    Alice Paré was assigned a Judgment from GUCA Enterprises, LLC (hereinafter referred to as "GUCA") in the amount $31,248.50, plus post-judgment interest, which now totals $36,977.29 as of February 2, 2016. A copy of the assignment is attached hereto. GUCA was assigned the Judgment by "Chicken Out the Door" (hereinafter COTD). The Judgment is against Respondent, Richard Hindin, who is the Debtor in Possession in this matter.

    2.    The subject judgment was obtained post-petition by litigation initiated by the Debtor in Possession. A counter-complaint was filed that resulted in the issuance of the subject judgment. Because the litigation was initiated post-petition, it is not subject to the existing Chapter 11 bankruptcy case. No provisions were made for the judgment in the Debtor's Chapter 11 Plan.

1

3. A previous attempt was made to execute the Judgment against funds held by Debtor at "The Bank of Georgetown" in a "Debtor in Possession Account" (hereinafter DIP account). The Bank of Georgetown refused to execute the Judgment against Debtor's DIP account.

4. A hearing was conducted by this Honorable Court on September 24, 2014. The request for lift stay was denied. The Court set the matter in for further hearing to address the issue as to whether the funds on deposit in the DIP account were part of the bankruptcy estate. In other words, the court specifically recognized that just because the funds were in the DIP account, they would not be afforded the protection of the stay unless the funds were part of the estate. GUCA was unable to prove that the funds were not part of the estate and the motion to lift stay was denied.

5. The circumstances have changed. None of the funds in the DIP account are property of the estate. Hence, the funds can not be afforded protection from the automatic stay.

6. The Debtor has filed quarterly reports in this case.

7. That the Debtor's quarterly report for the quarter ending December 31, 2015 states that all Plan payments have been made and all that remains is to liquidate and or distribute Debtor's stock in an entity known as "RegenEx".

8. The supporting documentation filed by Debtor indicates that, even after having all Plan payments made, cash remains in the Debtor's DIP account in the amount of $951,651.51.

9. Accordingly, the creditors have no claim against the remaining balance in the DIP account. Therefore, the balance in the DIP account is property of Debtor, free from claim by pre-petition creditors. The balance in the DIP account is not property of the estate. The estate, relative to plan payments due, has been fully executed.

10. The remaining DIP funds are the property of Debtor.

11. Because the plan payments to the creditors have been satisfied, there is no prepetition claim remaining against the Debtor; therefore, the balance in the DIP account is necessarily property of Debtor.

12. The Movant hereby seeks an order granting relief from stay to permit her to attach the remaining funds in debtor's DIP account that are currently on deposit with the Bank of Georgetown and to grant any further relief that may be appropriate.

**WHEREFORE**, the Movant, in support of her Motion for Relief from Stay and consistent with the prior hearing, respectfully requests that:

A.  Movant be granted Relief from Stay to permit Movant to attach the remaining funds necessary to satisfy the Judgment plus post-judgment interest and;

B.  Movant be allowed to execute her Judgment against the DIP account held by Debtor at the Bank of Georgetown for presently existing judgment balance plus post-judgment interest;

C.  For such other and further relief as the nature of Movant's Motion and request for relief may require.

Respectfully submitted,

Alice Paré, Pro Sé
19737 Executive Park Circle
Germantown, MD  20874
301 515 1190
aliceparelaw@gmail.com

## NOTICE OF MOTION

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not wish the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, **then within 14 days from the date of service of this motion**, you must file a written response explaining your position with the Court at the following address: Clerk of Court, United States Bankruptcy Court, Alexandria Division, 200 South Washington Street, Arlington, VA 22314, and serve a copy on the movant. Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period.

Attend the preliminary hearing scheduled to be held on: **July 6, 2016 at 9:30 a.m.** in Courtroom 1, United States Bankruptcy Court, 200 South Washington Street, Arlington, VA 22314.

3

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: May 05 2016

Respectfully submitted,

_____
Alice Paré, Pro Sé

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 05, 2016, the foregoing was served via first class mail, postage prepaid, to all parties in interest and to:

Brian A. Tucci, Esquire
7979 Old Georgetown Rd
Suite 750
Bethesda, MD 20814

David E. Lynn, Esquire
15245 Shady Grove Rd
Suite 465 N
Rockville, MD 20850

US Trustee's Office
115 South Union Street, Room 210
Alexandria, VA 22314

_____
Alice Paré, Pro Sé

4

☒ CIRCUIT COURT ☐ DISTRICT COURT OF MARYLAND FOR Montgomery County
City/County

Located at 50 Maryland Avenue Rockville, MD       Case No. 371097-V
Court Address

RICHARD HINDIN                    vs.       CHICKEN OUT THE DOOR, INC.
Plaintiff                                                    Defendant

## ASSIGNMENT OF JUDGMENT
(MD Rules § 2-624 and § 3-624)

A judgment in the above case was entered on MARCH 24, 2014 in the amount of $ 31,248.50
Date                                                          Principal Amount

plus attorney's fees of $ 0.00 and costs of $ 0.00                  plus any pre-judgment interest

Payments totaling $ 0.00 have been made; the balance due is $ 36,977.29

I, GUCA ENTERPRISES, INC. am the judgment holder in the case. I hereby transfer
Print Name

and assign all title rights and interest in the amount of $ 36,977.29 to:

ALICE PARE
Name
19737 Executive Park Circle
Address
Germantown, MD 20874
City, State, Zip
301-515-1190
Telephone

Signature of Judgment Holder
GUCA ENTERPRISES, INC.
Printed Name
9314 Montpelier Drive
Signer's Address
Laurel, Maryland 20708
City, State, Zip
202-469-2694
Signer's Telephone Number       Signer's Facsimile Number, if any

Signer's E-mail Address, if any

☒ Judgment Accepted.
Signature of Assignee/New Judgment Holder       Date

## CERTIFICATE OF SERVICE

I certify that I served a copy upon the following party or parties by mailing first class mail, postage prepaid on
February 2, 2016 to:
Date

Alice Pare, Esquire          19737 Executive Park Circle
Name                         Address
                             Germantown, MD 20874
                             City, State, Zip
Mary Lombardo, Esquire       25 West Middle Lane
Name                         Address
                             Rockville, MD 20850
                             City, State, Zip

Date                         Plaintiff/Plaintiff's Attorney Signature

**FOR COURT USE ONLY**

### NOTICE OF ASSIGNMENT OF JUDGMENT

Sent to the Clerk of District Court for _____        Sent to the Clerk of Circuit Court for _____

Date                         Clerk

CC-DC/CV 90 (Rev. 8/2011)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In Re:

    RICHARD J. HINDIN                                 Case No. 09-19741-BFK
    **Debtor**                                            Ch. 11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    ALICE PARE
    Assignee of GUCA ENTERPRISES, LLC's
    Judgment against Respondent
        **Movant**

v.

    RICHARD J. HINDIN
        **Respondent**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

Upon consideration of the Movant's Motion for Relief from Automatic Stay, no opposition thereto, and good cause for the relief requested having been shown, it is hereby

**ORDERED**, that the automatic stay imposed under 11 U.S.C. Section 362(a) shall be, and hereby is, modified so as to permit Movant, Alice Paré, to execute the judgment against Debtor and Debtor-in-Possession's account at the Bank of Georgetown, and it is further

5

**ORDERED**, that Movant, Alice Paré, shall attach $36,977.29 plus post-judgment interest of the remaining funds in Debtor-in-Possession's account at the Bank of Georgetown, and it is further,

**ORDERED**, that the fourteen-day stay of the relief from stay pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

Copies to:
    Alice Paré, Movant
    Richard Hindin, Debtor/Respondent
    Brian A. Tucci, Attorney for Debtor
    David E. Lynn, Attorney for Debtor
    US Trustee's Office

**END OF ORDER**